UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**VICKI CARRIERI,**

              **Plaintiff,**            1:13-cv-332
                                                          (GLS/CFH)
              v.

**TOWN OF ROTTERDAM et al.,**

              **Defendants.**
_____

## SUMMARY ORDER

Plaintiff Vicki Carrieri commenced this action against defendants Town of Rotterdam, Michael Griesemer, in his capacity as the public works coordinator for the Town of Rotterdam Department of Public Works, and Harry Buffardi, in his capacity as the Supervisor of the Town of Rotterdam, alleging sexual harassment and retaliation related to her employment with the Town pursuant to Title VII of the Civil Rights Act of 1964[1] and the New York State Human Rights Law,[2] and a claim under 42 U.S.C. § 1983 related to the same underlying conduct. (Am. Compl. ¶¶ 15-16, 23, 84-120, Dkt. No. 16.) Pending are defendants' motions seeking dismissal of

---

[1] *See* 42 U.S.C. §§ 2000e-2000e-17.

[2] *See* N.Y. Exec. Law §§ 290-301.

the amended complaint, and the cross motion of Carrieri for leave to amend her amended complaint. (Dkt. Nos. 20, 22, 24.) For the reasons that follow, defendants' motions to dismiss are denied with leave to renew, and Carrieri's motion for leave to amend is granted.

As relevant here, Federal Rule of Civil Procedure 15 allows a party not otherwise permitted to amend its pleading to do so with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). The Rule mandates that "[t]he court should freely give leave when justice so requires." *Id.* Nonetheless, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "The non-moving party bears the burden of establishing why leave to amend should not be granted." *Linares v. Richards*, No. 08-CV-3243, 2009 WL 2386083, at *9 (E.D.N.Y. Aug. 3, 2009).

Here, defendants have not offered sufficient justification for denying Carrieri's motion for leave to amend her amended complaint. Indeed, defendants attempt to place the onus on Carrieri to demonstrate a "good reason" for amendment. (Dkt. No. 28, Attach. 2 at 7; Dkt. No. 30 at 11-12.) Defendants' other arguments—suggesting, among other things, prejudice

2

to them—are similarly unavailing. (Dkt. No. 28, Attach. 2 at 6-8; Dkt. No. 30 at 8-12.) This litigation is in its infancy; discovery has not yet commenced nor have responsive pleadings been filed. Accordingly, Carrieri's motion is granted, and she shall file her second amended complaint within fourteen (14) days of the date of this Summary Order. It follows that defendants' motions to dismiss are denied; however, those motions are denied with leave to renew within fourteen (14) days after Carrieri's filing of her second amended complaint. If defendants elect not to challenge the second amended complaint by motion to dismiss, they must file the appropriate responsive pleadings within the time allotted by the rules.

**ACCORDINGLY**, for the foregoing reasons, it is hereby

**ORDERED** that Carrieri's cross motion for leave to amend the amended complaint (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED** that Carrieri shall, in accordance with the requirements of, among other things, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4), file a second amended complaint within fourteen days (14) of the date of this Summary Order; and it is further

**ORDERED** that the motion to dismiss of the Town and Buffardi (Dkt.

No. 20) is **DENIED** with leave to renew within fourteen (14) days after the filing of the second amended complaint; and it is further

**ORDERED** that Griesemer's motion to dismiss (Dkt. No. 22) is **DENIED** with leave to renew within fourteen (14) days after the filing of the second amended complaint; and it is further

**ORDERED** that, if defendants elect not to seek dismissal of the second amended complaint, they must file the appropriate responsive pleadings within the time allotted by the rules; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Hummel to schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 21, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

4